IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION | MDL No. 2724<br>16-MD-2724 |
| THIS DOCUMENT RELATES TO:<br><br>*State of Connecticut, et al., v. Sandoz, Inc., et al.* | HON. CYNTHIA M. RUFE<br><br>Civil Action No.: 2:20-cv-03539-CMR |

**STATES' OPPOSITION TO
DEFENDANT LANNETT COMPANY, INC.'S
<u>MOTION TO CERTIFY AN INTERLOCUTORY APPEAL</u>**

## TABLE OF AUTHORITIES

**Case:**

*In re Blood Reagents Antitrust Litig.*,
    756 F. Supp. 2d 637 (E.D. Pa. 2010) ................................................................................ 2
*In re Generic Pharms.*,
    338 F. Supp. 3d 404 (E.D. Pa. 2018) ................................................................................ 4
*In re Generic Pharms. Pricing Antitrust Litig.*,
    394 F. Supp. 3d 509 (E.D. Pa. 2019) ........................................................................... 3, 4
*In re TFT-LCD (Flat Panel) Antitrust Litig.*,
    586 F. Supp. 2d 1109 (N.D. Cal. 2008) ............................................................................ 4
*Kuhn Const. Co. v. Ocean & Coastal Consultants, Inc.*,
    723 F. Supp. 2d 676 (D. Del. 2010) .................................................................................. 4
*Marks v. Stinson*,
    1994 WL 146113 (E.D. Pa. Apr. 26, 1994) ...................................................................... 4
*Maslow v. Evans*,
    2003 WL 22594577 (E.D. Pa. Nov. 7, 2003) ................................................................... 4
*Orson, Inc. v. Miramax Film Corp.*,
    867 F. Supp. 319 (E.D. Pa. 1994) .................................................................................... 2

**Statutes:**

28 U.S.C.
    § 1292(b) ........................................................................................................................... 2

**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION | MDL No. 2724<br>16-MD-2724 |
| THIS DOCUMENT RELATES TO:<br><br>*State of Connecticut, et al., v. Sandoz, Inc., et al.* | HON. CYNTHIA M. RUFE<br><br>Civil Action No.: 2:20-cv-03539-CMR |

**STATES' OPPOSITION TO
DEFENDANT LANNETT COMPANY, INC.'S
MOTION TO CERTIFY AN INTERLOCUTORY APPEAL**

Defendant Lannett Company, Inc. ("Lannett") continues its efforts to evade the States' overarching conspiracy allegations, this time with a motion to certify an interlocutory appeal of the Court's denial of Lannett's motion to dismiss the overarching claims as to Lannett. Doc. No. 250. As in its Motion to Dismiss (Doc. No. 114) and its Reply (Doc. No. 160), Lannett's motion refuses to accept the standards articulated by this Court in 2019, mischaracterizes the States' allegations and arguments, manufactures fictitious elements for conspiracy claims, and objects to the Court applying the governing law. Moreover, certification would impede – not advance – the termination of this litigation. Lannett's motion should be denied.

The Court in this multidistrict litigation has already set forth and applied the standard for a motion to certify an interlocutory appeal on a conspiracy claim, denying an earlier motion by Perrigo New York, Inc. (16-MD-2724, Doc. No. 940). Footnote One of that order accurately and concisely sets forth the standard:

> 28 U.S.C. § 1292(b) allows the Court, at its discretion, to grant a request for certification of a question for interlocutory appeal if it finds there is: (1) a controlling question of law; (2) substantial ground for difference of opinion; and (3) a likelihood that an immediate appeal will materially advance the termination of the litigation. "All three conditions must be met before a court may certify an order for interlocutory appeal." *In re Blood Reagents Antitrust Litig.*, 756 F. Supp. 2d 637, 644 (E.D. Pa. 2010).

"[T]he 1292(b) appeal is the exception, to be used only in the rare case where an immediate appeal would avoid expensive and protracted litigation." *Orson, Inc. v. Miramax Film Corp.*, 867 F. Supp. 319, 321 (E.D. Pa. 1994). Lannett fails to meet *any* of those conditions.

The Court in that earlier Order referred to the third condition – whether an immediate appeal will materially advance the termination of this multidistrict litigation – as "crucial." 16-MD-2724, Doc. No. 940 at 1 n.1. Certifying Lannett's appeal would delay the termination of this multidistrict litigation and that delay is unlikely to materially advance the termination of this multidistrict litigation. Regardless of Lannett's success on appeal, many claims against Lannett and all claims against other defendants will continue. The States' overarching conspiracy claims in the States' Bellwether Action against other defendants will go forward regardless. The States' overarching conspiracy claims against Lannett in non-bellwether actions will go forward regardless. The States' claims against Lannett on specific drugs, including in the States' Bellwether Action, and all the other claims against Lannett by any other plaintiff will go forward regardless. Based on that "crucial" condition alone, certification is inappropriate.

Alternative and expedient paths toward terminating this litigation are available and are being pursued.[1] Adhering to the current bellwether schedule as much as possible will materially advance the termination of the litigation. The approach of the close of fact discovery and other dates for the bellwethers and adhering to those dates as much as possible will focus the parties on the discovery that is needed to advance toward resolution of the litigation.

---

[1] Does Lannett's rhetoric about being forced to settle because of the Court's accurately applying the law, Doc. No. 250-1 at 3, 11, mean that Lannett will engage in meaningful settlement discussions?

Moreover, Lannett's arguments about the standards for alleging an overarching conspiracy do not constitute a controlling question of law for which there is a substantial difference of opinion. Rather, the Court has properly articulated the law of conspiracy and applied that law to the States' claims. In 2019 and again in the Memorandum Opinion that is the subject of Lannett's motion, the Court explained the States' burden:

> To state a claim for [an antitrust] conspiracy, Plaintiffs must allege enough factual matter (taken as true) to suggest that an agreement was made. In the absence of allegations of direct evidence of such an agreement, Plaintiffs may allege parallel conduct plus "a context that raises a suggestion of a preceding agreement, not merely parallel conduct that could just as well be independent action." The necessary context may be shown through allegations of "plus factors" that "serve as proxies for direct evidence of an agreement. Plaintiffs are not required to plead simultaneous price increases — or that the price increases were identical – in order to demonstrate parallel conduct. At least three "plus factors support a finding that there is a suggestion of a preceding agreement: (1) evidence that the defendant had a motive to enter into a price fixing conspiracy; (2) evidence that the defendant acted contrary to its interests; and (3) evidence implying a traditional conspiracy. [T]he conspiracy must not be compartmentalized. The character and effect of [the] conspiracy are not to be judged by dismembering it and viewing its separate parts, but only by looking at it as a whole.

*In re Generic Pharms. Pricing Antitrust Litig.*, 394 F. Supp. 3d 509, 525 (E.D. Pa. 2019) (citations and quotations omitted) (Rufe, J.) (*"In re Generic Pharms."*); Memorandum Opinion, Doc. No. 247 at 7-8.

Guided by the 2019 ruling, the States alleged parallel conduct in the States' Bellwether Action: generic drug price increases that are "reasonably proximate in time and value." *Compare In re Generic Pharms.* at 523, *with* Am. Compl. ¶¶ 117–123, 803–31. The States have "alleged that the structure of the market for generic drugs motivated Defendants to enter into an antitrust conspiracy and undertake actions against self interest in the form of pricing and bidding decisions that would be irrational in a competitive market for generic drugs." *Compare In re Generic Pharms.*, at 523, *with* Am. Compl. ¶¶ 100 (structure), 805–31 (detailing irrational price increase and decisions not to bid for business). The States allege that Lannett engaged in the "inter-defendant communications, trade association leadership, membership, and meeting attendance, and ongoing state and federal investigations into generic drug pricing" common to

3

traditional conspiracies. *Compare In re Generic Pharms.*, at 523, *with* Am. Compl. ¶¶ 85–17 (inter-defendant communications), 117–23 (trade association and industry event members and attendance), 18 (state investigation).

Lannett continues to misstate the law of conspiracy and this Court's rulings to argue that the States must "show Lannett joined an overarching conspiracy to manipulate the prices of 79 drugs that it did not make or sell." Doc. No. 250-1 at 6. Lannett's rule would erroneously "dismember" the conspiracy. *See In re Generic Pharms.*, 394 F. Supp. 3d at 525. "An express agreement among all conspirators is not a necessary element of civil conspiracy as long as the participants in the conspiracy share a general objective or the same motives for desiring the intended conspiratorial result." *Maslow v. Evans*, 2003 WL 22594577, at *24 (E.D. Pa. Nov. 7, 2003) (Rufe, J.). Indeed, "a plaintiff . . . need not prove that each participant in a conspiracy knew . . . the identity of all participants therein." *Marks v. Stinson*, 1994 WL 146113, at *30 (E.D. Pa. Apr. 26, 1994); *see Kuhn Const. Co. v. Ocean & Coastal Consultants, Inc.,* 723 F. Supp. 2d 676, 689 (D. Del. 2010).

The States allege that Lannett "joined and participated in the conspiracy," not that Lannett participated in every action and facet of the conspiracy. *In re Generic Pharms.,* 338 F. Supp. 3d 404, 438 (E.D. Pa. 2018). As phrased by the Court, "the complaint must allege that each individual defendant joined the conspiracy and played ***some*** role in it." *Id.* at 438 n.185 (quoting *In re TFT-LCD (Flat Panel) Antitrust Litig.*, 586 F. Supp. 2d 1109, 1117 (N.D. Cal. 2008)). The States have done just that: the Bellwether Complaint alleges that Lannett played some role in the overarching conspiracy, illustrated by its conduct fixing the price of acetazolamide using the "Fair Share" rules.

Lannett has failed to meet its burden of showing that it is entitled to the unusual and exceptional relief of an interlocutory appeal. Therefore, this Court should exercise its sound discretion and deny certification.

Dated: March 27, 2023                    Respectfully submitted,

                                         STATE OF NEW YORK
                                         LETITIA JAMES
                                         NEW YORK ATTORNEY GENERAL

                                         */s/ Robert L. Hubbard*
                                         Robert L. Hubbard
                                         Assistant Attorney General
                                         Office of the Attorney General
                                         Antitrust Bureau
                                         28 Liberty Street, 20th Floor
                                         New York, NY 10005
                                         (212) 416-8267
                                         Robert.Hubbard@ag.ny.gov